UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-110** |
| v. | * | **SECTION: "R"** |
| **DION RIDLEY** | * | **FILED UNDER SEAL** |
| | * | |

\* \* \*

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM
MAINTAINING HER OBJECTIONS TO THE PSR AND REQUESTING
A DOWNWARD VARIANCE FROM THE ADVISORY GUIDELINES (REC. DOC. 195)**

**NOW INTO COURT**, comes the United States of America, who through the undersigned Assistant United States Attorney respectfully responds to the sentencing memorandum filed by defendant Dion Ridley. Rec. Doc. 195.

At the outset of her memorandum, the defendant reasserts her objections to the Presentence Report. *Id.* at 2-7; *see* Rec. Doc. 174. The Government previously filed an opposition to the same objections, Rec. Doc. 188, and the United States Probation Office made findings with respect to each one. Rec. Doc. 192 at 24-26. Instead of repeating its arguments here, the Government will rest on its previous filing as to Objections 1-3. Rec. Doc. 188.

The defendant also maintains her request for a variance as discussed in Objection 4. Rec. Doc. 195 at 7-12. In her motion, she raises a number of personal considerations, including her

young age at the time of the fraudulent collision, her family connection to the offense, her history of mental health issues, and her efforts to maintain employment and education. *Id*. All of these considerations are proper for the Court to consider under 18 U.S.C. § 3553(a).

In addition, the defendant claims that a probationary sentence is appropriate to avoid an unwarranted sentencing disparity between the defendant and other staged-accident defendants. Rec. Doc. 195 at 7-12. Of course, the sentencing of each defendant is a personalized determination based on a variety of factors. In fraud cases, the guidelines are determined based on the total monetary loss to the victims, a defendant's criminal history, and other specific offense characteristics. U.S.S.G. §2B1.1. But those are not the only factors that a court might consider at sentencing. *See* 18 U.S.C. §3553 (a). A defendant's level of cooperation is often a factor supporting a sentencing variance. *See United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014). Other factors might include a defendant's personal history, family circumstances, degree of remorse, and efforts to rehabilitate. *See id.*; *United States v. Douglas*, 569 F.3d 523, 528 (5th Cir. 2009). Oftentimes, this type of information, *e.g.*, criminal history, family circumstances, etc., is presented to the court under seal and thus does not appear in the public record.

Courts rely on both public and non-public information in deriving a fair sentence. Here, however, the defendant argues for a sentencing reduction by analogizing her case to other staged-accident defendants based almost entirely on information in the defendants' factual bases—which is oftentimes only part of the story. Rec. Doc. 195 at 7-12. Focusing just on the facts relating to a staged collision and the monetary loss to the victim fails to account for material, non-public information that a court may have weighed at the time of sentencing.

Accordingly, any attempts to perform an "apples-to-apples" comparison between Defendant Ridley and other staged-accident defendants is impracticable. What is clear from the

public record is that the loss amount associated with each defendant has not been the singular factor determining a sentence. At least 25 defendants have been sentenced in six Operation Sideswipe cases.[1] *See United States v. Damien Labeaud et al.*, 19-219, "L"; *United States v. Roderick Hickman et al.*, 20-80, "I"; *United States v. Cornelius Garrison et al.*, 20-92, "R"; *United States v. Anthony Robinson et al.*, 20-108, "B"; *United States v. Ashley McGowan et al.*, 21-110, "R"; and *United States v. Joseph Brewton et al.*, 22-22, "H." Fourteen of the defendants received a prison sentence; eleven did not. The sentences have ranged from four years in prison at the high end, to three years of probation at the bottom end. In some instances, defendants responsible for relatively small loss amounts received prison sentences, such as Henry Randle who was responsible for a $10,000 loss but received a prison sentence of 12 months. *United States v. Roderick Hickman et al.*, 20-80, "I." In other instances, defendants with higher loss amounts, such as Keishira Robinson, were sentenced to probation. *United States v. Anthony Robinson et al.*, 20-108, "B." This demonstrates that the public information about a case, including loss amount, is only one factor or set of factors that courts use to determine a just sentence, and efforts to compare or distinguish between cases based largely on the underlying offense conduct fails to account for other material considerations.

---

[1] Most recently, Stacie Wheaten was sentenced in case number 22-022, "H," to 18 months in prison based on a loss amount of $54,000. Ms. Wheaten's case was not included in the spreadsheet that Herbert Allen's counsel provided to the Court by email on February 10, 2023. That spreadsheet referenced 24 defendants; Ms. Wheaten's case makes number 25.

In conclusion, while the defendant raises a number of mitigating personal circumstances in support of her variance request, the government respectfully urges the Court to deny a reduction request based on a comparison with other staged-accident defendants who are not before this Court.[2]

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


*s/ Brandon S. Long*
BRANDON S. LONG
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3129
E-Mail: brandon.long@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the defense counsel of record.

*s/ Brandon S. Long*
BRANDON S. LONG
Assistant United States Attorney

---

[2] Of the 25 defendants referenced above, only Ashley McGowan is a codefendant of Ridley's. McGowan received a sentence of 24 months, the bottom of her guidelines range. Moreover, contrary to the defendant's assertion, Rec. Doc. 195 at 11, there is no evidence that McGowan was involved in more than one collision.